UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

VIRGIL DAVIS,

    Petitioner,

v.                                                   CASE NO. 6:06-cv-653-Orl-31JGG

MICHEAL MCRAE, et al.,

    Respondents.

---

**ORDER**

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. § 2254 (Doc. No. 1, filed May 15, 2006). Respondents filed a response to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 9, filed October 2, 2006). Petitioner filed a reply to the response (Doc. No. 16, filed November 6, 2006).

### I.    *Procedural History*

Petitioner was charged by information with one count of capital sexual battery, one count of lewd or lascivious molestation, and one count of aggravated assault with a firearm. On April 8, 2003, the State nolle prosed the charge of aggravated assault with a firearm. A jury trial was conducted, and on April 10, 2003, the jury found Petitioner guilty of capital sexual battery and lewd or lascivious molestation. The state trial court sentenced Petitioner to life in prison for the capital sexual battery and to thirty years of imprisonment for lewd and lascivious molestation.

Petitioner appealed, and the Fifth District Court of Appeal of Florida affirmed *per curiam*. Petitioner then filed a state habeas corpus petition, which the appellate court denied.

On or about October 25, 2004, Petitioner filed a Florida Rule of Criminal Procedure 3.850 motion for post-conviction relief. The state trial court denied relief, and Petitioner appealed. On March 14, 2006, the Fifth District Court of Appeal affirmed *per curiam*.

## II. Analysis

### A. Claim One

Petitioner asserts that trial counsel was ineffective for failing to adequately investigate, prepare, and retain an expert in DNA statistical analysis. Respondents assert that this claim is procedurally barred because it was not raised in the state court.

The federal court must dismiss those claims or portions of claims that either (1) have been explicitly ruled procedurally barred by the highest state court considering the claims,[1] or (2) are not exhausted but would clearly be barred if returned to state court.[2] Thus, "[f]ederal courts are precluded from addressing claims that have been held to be procedurally defaulted under state law. In addition, the federal courts may not address claims that have not been presented in the state court

---

[1] *Harris v. Reed*, 489 U.S. 255 (1989).

[2] *See, e.g., Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991) (if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, there is a procedural default for federal habeas purposes regardless of the decision of the last state court to which the petitioner actually presented his claims); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990) ("[w]hen a claim is never presented to the state court *Teague* does not require that the last state court rendering judgment 'clearly and expressly' state that its judgment rests on a procedural bar.").

if the state court would have found the claims to be procedurally defaulted . . . ." *Tower v. Phillips*, 7 F.3d 206, 210 (11th Cir. 1993).[3]

The United States Supreme Court has determined that in order to satisfy the exhaustion requirement, a state petitioner must "fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (citing *Picard v. Conner*, 404 U.S. 270, 275-76 (1971)) (internal quotation marks omitted). The petitioner must apprise the state court of the federal constitutional claim, not just the underlying facts of the claim or a similar state law claim. *Snowden v. Singletary*, 135 F.3d 732 (11th Cir.), *cert. denied*, 525 U.S. 963 (1998).

In his Rule 3.850 motion, Petitioner raised a claim that counsel was ineffective for informing him that he should stipulate to the admission of the victim's medical records. (Appendix L at 9.) Within this claim, Petitioner argued that trial counsel wrongfully advised him to stipulate to the State's DNA evidence. *See id.* at 9-14. Petitioner did not, however, assert that trial counsel was ineffective for failing to investigate, prepare, or retain an expert in DNA statistical analysis.

This claim, therefore, was not presented to the state courts and was not exhausted. Furthermore, it is obvious that this claim would be procedurally barred if now raised in the state court.

A petitioner may overcome a procedural default by showing one of two exceptions. The first exception is established by demonstrating "both 'cause' for the default and actual 'prejudice' resulting from the default." *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003). The

---

[3]Also, if the petitioner attempts to raise the claim in a manner not permitted by state procedural rules, he is barred from pursuing the same claim in federal court. *Alderman v. Zant*, 22 F.3d 1541, 1549 (11th Cir.), *cert. denied*, 513 U.S. 1061 (1994).

second exception, known as the "fundamental miscarriage of justice," only "occurs in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent." *Id*. In the present case, Petitioner has neither alleged nor shown either cause or prejudice that would excuse the default. Likewise, Petitioner has neither alleged nor shown the applicability of the actual innocence exception. A review of the record reveals that Petitioner is unable to satisfy either of the exceptions to the procedural default bar. Therefore, claim one is procedurally barred.

### B.   Claim Two

Petitioner asserts that trial counsel was ineffective for failing to request a *Frye*[4] hearing concerning the DNA population frequency analysis. Respondents assert that the claim is procedurally barred and alternatively that it is without merit.

As discussed *supra*, Petitioner raised a claim of ineffective assistance of counsel in his Rule 3.850 motion concerning trial counsel's advice that he stipulate to the State's DNA evidence. *See* Appendix L at 9. Within this Rule 3.850 claim, Petitioner asserted that based on trial counsel's advice he waived his right to a *Frye* hearing and was unable to challenge the State's DNA evidence, including the DNA statistical frequency analysis. *See id.* at 9-12. The State admits that it addressed this portion of the Rule 3.850 claim in its response to Petitioner's Rule 3.850 motion. (Doc. No. 9 at 9.) Accordingly, the Court finds that claim two of the instant petition was raised in the state courts and is not procedurally barred.

---

[4]*Frye v. United States*, 293 F. 1013 (D.C. Cir. 1923).

The state trial court did not address this portion of Petitioner's Rule 3.850 claim in its order. *See* Appendix N at 7-8. Because the state courts did not adjudicate this claim on the merits, 28 U.S.C. § 2254(d) does not govern the review of this claim.

The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense.[5] *Id*. at 687-88. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id*. at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir.), *cert. denied*, 493 U.S. 945 (1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

---

[5]In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the Supreme Court clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted).  Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

"'[N]ovel scientific evidence is not admissible in Florida unless it meets the test established in Frye. . . ,' which requires that such evidence 'be sufficiently established to have gained general acceptance in the particular field in which it belongs.'" *Bevil v. State*, 875 So. 2d 1265, 1268 (Fla. 1st DCA 2004).  In Florida, "DNA testing requires a two-step process, one biochemical and the other statistical.  The first step uses principles of molecular biology and chemistry to determine that two DNA samples look alike. The second step uses statistics to estimate the frequency of the profile in the population.  Both steps must satisfy the *Frye* test." *Id.* (citing *Butler v. State*, 842 So. 2d 817, 827 (Fla. 2003)).

Petitioner contends that trial counsel was ineffective for failing to request a *Frye* hearing concerning the second step of the State's DNA analysis.  Petitioner asserts that trial counsel should have requested a *Frye* hearing because the database used by the State's experts to arrive at their determination as to the second step of the DNA test was inaccurate.  As such, Petitioner maintains that the DNA evidence was inadmissible because it did not meet with the standard generally accepted in the scientific community.

The record reflects that during the cross-examination of the State's expert DNA witnesses, defense counsel questioned experts Gary Daniels and Martin Tracy about which database they used to determine the DNA population frequency.  *See* Appendix A2 at 290, 321, 359.  Both witnesses answered that the Florida Department of Law Enforcement ("FDLE") database was used.  *Id.*  Trial

counsel further questioned these witnesses about problems that the FDLE database had incurred. *Id.* at 292. Both of the witnesses admitted that there had been problems with the FDLE database, and Mr. Daniels admitted that to remedy the problems in the short term the statisticians had used the FBI database. *Id.* at 292, 321, 326, 359. Trial counsel did not object to Mr. Daniels' or Mr. Tracy's use of the FDLE database in their DNA testing.

From the record it is clear that defense counsel knew that problems existed with the FDLE database. However, the record does not indicate that defense counsel attempted to challenge the admissibility of the State's DNA evidence based on its usage of the FDLE database. As such, a question exists as to why defense counsel did not request a *Frye* hearing, or more to the point, whether trial counsel was ineffective for failing to request a *Frye* hearing. Consequently, an evidentiary hearing must be held to determine whether defense counsel was ineffective for failing to request a *Frye* hearing.

Accordingly, it is hereby **ORDERED** as follows:

1. Petitioner's first claim that trial counsel was ineffective for failing to adequately investigate, prepare, and retain an expert in DNA statistical analysis is **DENIED**.

2. The Court will hold an evidentiary hearing with regard to claim two raised in the habeas petition: that Petitioner received ineffective assistance of counsel because counsel failed to request a *Frye* hearing. The hearing is scheduled for **Monday, February 26, 2007**, at **1:30 PM**, at U.S. Courthouse, 80 N. Hughey Avenue, Courtroom 3, Orlando, Florida 32801.

3. The United States Magistrate Judge is directed to appoint counsel on behalf of Petitioner.

7

4. **On or before January 26, 2007**, Petitioner shall file a statement entitled "Pretrial Narrative Statement." The Pretrial Narrative Statement shall contain:

    (a)    A brief general statement of the case.

    (b)    A narrative written statement of the facts that will be offered by oral or documentary evidence at the evidentiary hearing.

    (c)    A list of all exhibits to be offered into evidence at the evidentiary hearing.

    (d)    A list of the full names and addresses of places of employment for all the witnesses that Petitioner intends to call.

    (e)    A summary of the anticipated testimony of _each_ witness named in (d).

5. **On or before February 19, 2007**, the Government shall file a "Pretrial Narrative Statement," entitled as such. The Pretrial Narrative Statement shall comply with paragraphs 4(a) through (e) above.

**DONE AND ORDERED** at Orlando, Florida, this 13th day of December, 2006.

                                                  GREGORY A. PRESNELL
                                                UNITED STATES DISTRICT JUDGE

Copies to:
sc 12/13
Counsel of Record
Virgil Davis
United States Magistrate Judge James G. Glazebrook