UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

VIRGIL DAVIS,

    Petitioner,

v.                                          CASE NO. 6:06-cv-653-Orl-31JGG

MICHEAL MCRAE, et al.,

    Respondents.

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. § 2254 (Doc. No. 1, filed May 15, 2006). On December 18, 2007, the Court entered an order denying relief on claim one and scheduling a hearing on claim two. The claim to be addressed at the hearing was whether trial counsel rendered ineffective assistance by failing to request a *Frye*[1] hearing regarding the use of the FDLE database to determine the DNA population frequency.

A hearing was conducted on February 26, 2007. Petitioner moved to invoke the attorney-client privilege to prevent Mark M. O'Mara, his former trial counsel, from testifying. Pursuant to *Laughner v. United States*, 373 F. 2d 326, 327 (5th Cir. 1967), the Court determined that Petitioner's ineffective assistance of counsel claim waived the attorney-client privilege as to all communications relevant to the claim.

Mr. O'Mara testified that he retained an expert to review the State's DNA analysis and evidence and the expert determined that they were accurate. He further testified that the expert

---

[1] *Frye v. United States*, 293 F. 1013 (D.C. Cir. 1923).

advised him that there was a slight problem with the FDLE Caucasian database; however, it did not impact the State's statistical analysis because the FDLE African-American database was not affected. Mr. O'Mara indicated that he considered requesting a *Frye* hearing concerning the use of the FDLE database, but believed that such a hearing would not be meritorious. Furthermore, he felt that the better strategy would be to raise the issue of the problem with the FDLE database during the trial before the jury in order to attack the State's DNA evidence.

The Court concludes that trial counsel knew about the problem with the FDLE Caucasian database and properly determined that it had no impact on the DNA analysis in the instant case because the FDLE African-American database was not impacted. Furthermore, trial counsel made a reasonable decision that a *Frye* hearing would not have have resulted in the exclusion of the DNA evidence and a reasonable tactical decision that the better approach was to raise the issue before the jury in order to call into question the State's DNA evidence. Trial counsel diligently and competently represented Petitioner. Therefore, pursuant to *Strickland v. Washington*, 466 U.S. 668 (1984), the Court finds that trial counsel did not render ineffective assistance of counsel.

Accordingly, it is hereby **ORDERED** as follows:

1. The Petition for Writ of Habeas Corpus (Doc. No. 1, filed May 15, 2006) filed by Virgil Davis is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**. The Clerk of the Court shall enter judgment accordingly.

2. The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** at Orlando, Florida, this 1st day of March, 2007.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
sc 3/1
Counsel of Record
Virgil Davis